Filed 7/21/15  P. v. Ivy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PHILLIP ANTHONY IVY,<br><br>    Defendant and Appellant. | G050942<br><br>(Super. Ct. No. 98WF1237)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Phillip Anthony Ivy appeals from the trial court's order denying his petition to recall his prison sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified potential issues to assist us in our independent review. Ivy was granted 30 days to file written arguments in his own behalf, but did not do so.

We have examined the entire record and counsel's *Wende/Anders* brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

In 1998, Ivy's girlfriend, Kelly Baird, called 911 and reported that Ivy had beaten her up and choked her. Officers were dispatched to the apartment that Ivy and Baird shared, and found Baird extremely distraught. The officers observed bruises on Baird's upper arms and on a thigh, and saw marks on her neck. Baird told one of the officers, inter alia, that Ivy had hit her, bit her, and dragged her across the room. She stated Ivy strangled her more than 10 times and strangled her so hard that she could not breathe.

A jury found Ivy guilty of one count of willfully inflicting corporal injury in violation of Penal Code section 273.5, subdivision (a). The trial court sentenced Ivy to a prison term of 25 years to life under the "Three Strikes" law. In 2003, a panel of this court affirmed the judgment of conviction.

In November 2013, Ivy filed a petition for recall of sentence under Penal Code section 1170.126. The trial court denied the petition. Ivy appealed.

ANALYSIS

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no reasonably arguable issues on appeal. Ivy himself has not raised any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)

DISPOSITION

The order is affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.